# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1498 | **DATE** | 11/1/2000 |
| **CASE TITLE** | ASHLAND PARTNERSHIP III, et al vs. PACIFIC INSURANCE CO. LTD., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' motion for remand is denied [13-1]. Accordingly, the case shall remain in the Northern District of Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 03 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | ED-7 FILED FOR DOCKETING 00 NOV -1 AM 11:01 | docketing deputy initials | 18 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | NOV 03 2000 date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ASHLAND PARTNERSHIP III, )
LISKA BLODGETT, DAVID BLODGETT )
)
)
)
)
Plaintiffs, )
) No. 99 C 1498
v. ) Judge Ronald A. Guzman
)
)
PACIFIC INSURANCE COMPANY, )
LIMITED; FIRST STATE MANAGEMENT )
GROUP, INC., et al., )
) DOCKETED
)
Defendants. ) NOV 0 3 2000

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs Ashland Partnership III, Liska Blodgett and David Blodgett's motion to remand this action to the California state court pursuant to Fed. R. Civ. Proc. 7(b). For the reasons set forth below this motion is denied (#13-1).

## BACKGROUND FACTS

In this diversity case, Plaintiffs Ashland Partnership III ("Ashland"), Lisa Blodgett, and David Blodgett filed an amended complaint on October 16, 1998 against defendants Pacific Insurance Company, Limited, First State Management Group, Inc., et al for breach of contract and breach of implied covenant of good faith and fair dealing. Defendants removed the case from the Superior Court of the State of California to the United States District Court of the State of California on November 19, 1998. On November 25, 1998, Defendants moved to transfer the

1

matter to the Northern District of Illinois for convenience. Plaintiff's opposed the change of venue motion and filed a motion for remand, suggesting that the California Federal Court should remand the matter to California state court because of the existence of a "service of suit" clause in the subject insurance policy. The California federal court granted Defendants' motion for change of venue to this jurisdiction on March 1, 1998 and denied the motion for remand. On June 25, 2000, Plaintiffs filed their second motion to remand this case to the California State Court. Defendants oppose this motion arguing that the motion is untimely and that Defendants reserved their right to have this lawsuit proceed in federal court. Defendants further argue that California has no interest in the case.

## DISCUSSION

The first issue is whether Plaintiffs' motion is untimely because it was filed after thirty days had passed from the date the case was transferred from state court. Section 1447(c) provides in relevant part that:

> [a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and act actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

Under Section 1447(c), "all motions for remand–except those based on lack of subject matter jurisdiction–must be made within 30 days after removal or they are waived." *Hamilton v. Aetna Life and Cas. Co.*, 5 F. 3d 642, 643 (2d Cir. 1993)(per curium). "Congress placed a strict limit on motions to remand in order to prevent the delay, inefficiency, and unfairness resulting

from late-stage, forum-shopping remand motions. *Pierpont v. Barnes,* 94 F. 3d 813, 817 (2d Cir. 1996). Because Plaintiffs are not asserting that this court is without subject matter jurisdiction the 30 day rule applies. Hence, Plaintiffs' motion is denied on the basis of timeliness.

The second issue is whether this court should remand based upon a clause in the insurance contract. This provision provides the following:

> In the event of our failure to pay any amount claimed to be due, we [Pacific], at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
> 
> ...
> 
> In any such suit instituted against any one of them [Pacific] upon this contract, we will abide by the final decision of such Court or of any Appellate Court in the event of an Appeal. However, this Company specifically reserves the right to remove any suit brought under this Policy to a Federal Court of the United States.

Plaintiffs argue that this tacked on phrase is entirely antithetical to everything that precedes it and creates a hopeless ambiguity. We disagree. According to the plain language of the above clause Pacific has agreed to submit to the jurisdiction of any Court of Competent Jurisdiction within the United States and to be bound by any judgment. It has, however, reserved the right to remove any action to federal court. We find that this reservation of right clause does not create an ambiguity in the service of suit provision. We agree with Defendants that *Whirlpool Corp. v. Certain Underwriters at Lloyd's London,* 662 N.E. 2d 467 (Ill. App. 1996) is applicable to this case and the express reservation clause has reserved Pacific's right to remove this case to federal court.. Finally, as to the substantive aspects of the transfer Judge Stotler's opinion set forth numerous reasons why Illinois was the more convenient forum and the affidavit of Pacific's adjuster makes clear, that all facts, witnesses, and documents of relevance as well as

the subject matter of the breach are all located in Illinois.

## CONCLUSION

For the reasons set forth above Plaintiffs' motion for remand is denied (#13-1).

Accordingly, the case shall remain the Northern District of Illinois.

SO ORDERED  11/1/00

ENTERED:

HON. RONALD A. GUZMAN
United States Judge